[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14186
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 2, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:09-cr-00068-BAE-GRS-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus


JOHN R. THOMPSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(April 2, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

John R. Thompson appeals his convictions and sentences for bank fraud, wire fraud, and mail fraud, as well as conspiracy to commit bank, wire, and mail fraud. Thompson argues that the district court erred in (1) denying his motion for a new trial based on his claim of ineffective assistance of counsel, (2) calculating the total attributable loss amount at sentencing, (3) enhancing his sentence for targeting a vulnerable victim under U.S.S.G. § 3A1.1, and (4) applying an obstruction of justice sentence enhancement, pursuant to U.S.S.G. § 3C1.1, upon finding that Thompson committed perjury at trial.

## I.  BACKGROUND

Thompson was an attorney in Swainsboro, Georgia, who frequently advised Brian Steptoe, an owner of a construction company, and his wife, Natasha Steptoe, on a variety of real estate issues. The Steptoes' business consisted of purchasing parcels of land with investors and building homes on them for sale.

According to trial testimony, the Steptoes, with financing from various investors, purchased land located at 54 Spivey Lane in Swainsboro and began construction on a home. Shortly after they completed the home in mid-2007,

Brian Steptoe enlisted Hurlon Wadley, an individual who was legally disabled and could not read or write, to unwittingly purchase the property. Without Wadley's consent, Thompson falsified information on a HUD-1 Form,[1] so that Wadley would receive a home mortgage loan from Bank of America (BOA) for the purchase of 54 Spivey Lane. Based on the fraudulent HUD-1 Form prepared by Thompson, BOA approved the loan.

Following an investigation, a grand jury returned a five-count second superceding indictment in June 2010. At trial, a jury convicted Thompson of bank, wire, and mail fraud, and conspiracy to do the same.

## II. DISCUSSION

*A. Motion for a New Trial*

Thompson argues that the district court erred in denying his motion for a new trial based on ineffective assistance of counsel. We review the denial of a motion for a new trial for abuse of discretion. *United States v. Hernandez*, 433 F.3d 1328, 1332 (11th Cir. 2005). To prevail on an ineffective assistance claim, a defendant must demonstrate both that (1) his counsel's performance was deficient,

---

[1] "The Housing and Urban Development-1 ('HUD-1') statement is a settlement form used in closing a property sale; it details the costs and fees associated with a mortgage loan." *United States v. Hill*, 643 F.3d 807, 820 n.1 (11th Cir. 2011).

and (2) the deficient performance prejudiced his defense.[2] *Strickland v. Washington*, 466 U.S. 668, 687 (1984) .

In this case, Thompson argues his trial counsel performed deficiently in handling a motion for acquittal at the close of evidence at trial. According to Thompson, his trial counsel orally raised a motion for acquittal on all counts but argued only the merits of the motion as it related to Count Two of the indictment. Because his counsel completely neglected the remaining four counts, Thompson contends that the district court misconstrued the motion as seeking acquittal as to Count Two only. His counsel purportedly compounded the effects of his deficient performance by failing to reassert the motion in its entirety when the district court moved on without specifically addressing the other counts. Thompson claims that this allegedly deficient performance was prejudicial to his defense because it deprived him of (1) the possibility that the district court would have acquitted him on all counts, and (2) the opportunity to appeal an adverse ruling–in the event the district court denied the motion–addressing all of the remaining counts underlying the conviction.

---

[2] This Court does not address claims for ineffective assistance of counsel on direct appeal, "[e]xcept in the rare instance when the record is sufficiently developed." *United States v. Verbitskaya*, 406 F.3d 1324, 1337 (11th Cir. 2005). Here, the record is sufficiently developed for the purpose of addressing Thompson's claim.

Thompson's argument fails because it falls well-short of showing that the claimed deficient performance prejudiced his defense. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Thompson first contends that counsel's failure to argue for acquittal on all counts prejudiced his defense because but for the deficient performance, "it is probable that . . . the [district court] may have very well entertained a different disposition to the motion for acquittal than ultimately resulted." In so arguing, Thompson provides no specifics to support his conclusory and entirely speculative position. Moreover, the contention that it is "probable" the district court "may" have considered a different disposition does not establish a "reasonable probability" that the outcome at trial would have been different.

Thompson next argues that his trial counsel's deficient performance prejudiced his defense because the failure to fully argue the motion for acquittal leaves him without an appealable adverse ruling on the remaining counts. In this Circuit, however, "when the claimed error of counsel occurred at the guilt stage of a trial (instead of on appeal) we [] gauge prejudice against the outcome of the trial:

5

whether there is a reasonable probability of a different result at trial, not on appeal." *Purvis v. Crosby*, 451 F.3d 734, 739 (11th Cir. 2006). While he acknowledges that his counsel's purported error occurred at trial, Thompson presents no argument as to why the error's prejudicial impact should be measured with reference to his appeal, rather than in accordance with our general rule.[3] We therefore find that Thompson has failed to demonstrate prejudice and conclude that the district court did not err in denying the motion for a new trial.

## B. Calculation of Loss Attributable

Thompson argues that the district court erred in calculating the total loss attributable to his criminal conduct at sentencing. Under U.S.S.G. § 2B1.1(b)(1), a defendant's total offense level is increased by 14 levels if the offense involved a loss between $400,000 and $1,000,000. U.S.S.G. § 2B1.1(b)(1)(H). The district court in this case calculated the applicable guideline range of 70 to 87 months based on a total loss amount attributable of $434,597.54, after finding that BOA lost $319,800 and investors Justin Jay and Bruce Lyons lost $71,597.54 and

---

[3] Although we typically look to the outcome of the trial in determining whether an attorney's error at trial was prejudicial, we have recognized a narrow exception for cases in which "the only effect of trial counsel's negligence was on [the defendant's] appeal." *Davis v. Sec'y for Dep't of Corr.*, 341 F.3d 1310, 1315 (11th Cir. 2003) (emphasis omitted). Thompson does not argue that this case falls under this exception. We note, however, that even if the exception applied, Thompson's argument would fail because he does not make the necessary showing of a "reasonable likelihood of a more favorable outcome on appeal" had the mistake not occurred. *Id.* at 1316.

$43,200, respectively. Although the district court imposed a below-range sentence of 66 months, Thompson challenges the factual findings underlying the calculation of BOA's and Jay's losses.

The district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the Presentence Investigation Reports (PSIs), or evidence presented during the sentencing hearing. *United States v. Hamaker*, 455 F.3d 1316, 1338 (11th Cir. 2006). The government bears the burden of establishing by a preponderance of the evidence any disputed fact necessary to support a sentence enhancement. *United States v. Bernardine*, 73 F.3d 1078, 1080 (11th Cir. 1996). The government meets this burden "by presenting *reliable and specific* evidence." *Id.*

Thompson first argues that the district court erred in failing to reduce BOA's loss–here, the amount of the loan–by the correct fair market value of 54 Spivey Lane, the collateral on the loan that BOA recovered.[4] According to the PSI, the fair market value of 54 Spivey Lane was $132,900. At sentencing,

---

[4] Where a victimized lender, like BOA in this case, recovers collateral from the defendant, the loss must be reduced by "the amount the victim has recovered at the time of sentencing from disposition of the collateral, or if the collateral has not been disposed of by that time, the fair market value of the collateral at the time of sentencing." U.S.S.G. § 2B1.1, comment. (n.3(E)(ii)).

however, the Government argued that the actual fair market value was $81,800 because BOA had reached an agreement with a buyer to sell the property for that price.

While we have recognized that the sentencing court "is in the best position to assess the evidence and estimate the loss based upon that evidence," the estimate "may not be mere speculation and the government bears the burden of supporting its loss calculation with reliable and specific evidence." *United States v. Gupta*, 463 F.3d 1182, 1200 (11th Cir. 2006) (citation omitted). Here, the Government provided no evidence, much less reliable and specific evidence, in support of its assertion that 54 Spivey Lane's fair market value was $81,800. When the district court asked if a copy of the purported sales contract was available, the Government responded that it did not have a copy of the contract but would supplement the record with one. The Government's brief on appeal, however, does not reference any supplemental evidence. Moreover, our review of the district court docket indicates that the sales contract did not become part of the record. As a result, we are aware of no evidence that could have provided a factual basis for the district court's determination of 54 Spivey Lane's fair market value.

Thompson also argues that the district court erred in counting Jay's losses as part of the loss attributable calculation. He contends that even though he objected to the portion of the PSI detailing Jay's losses, the Government failed to present evidence at sentencing establishing that Jay was a victim and confirming that Jay's loss amount is $71,597.54.

Thompson is only partially correct. The district court did not err in finding that Jay was a victim, despite the lack of evidence at sentencing, because there was sufficient supporting evidence presented at trial, including Jay's own testimony. *Hamaker*, 455 F.3d at 1338. The district court did err, however, in adopting the disputed statements in the PSI regarding the amount of Jay's loss without having received any supporting evidence at trial or sentencing from the government.[5] Because the district court calculated the total loss amount attributable to Thompson's conduct without proper factual bases, we remand to allow the district court to receive evidence of 54 Spivey Lane's fair market value, as well as Jay's loss amount.[6]

---

[5] In its brief, the government responds to Thompson by merely summarizing the procedures it used to compile the PSI's disputed facts. It does not identify any evidence supporting Jay's loss amount.

[6] Where a district court misapplies the sentencing guidelines, we need not remand if the district court's errors are harmless. *Williams v. United States*, 503 U.S. 193, 203 (1992). Here, although the district court imposed a sentence falling below the guideline range to give Thompson "some credit" for the low valuation of 54 Spivey Lane, we cannot conclude, and the

## C. *Vulnerable Victim Enhancement*

Thompson argues the district court erred in finding that Hurlon Wadley was a vulnerable victim under the sentencing guidelines.[7] U.S.S.G. § 3A1.1(b)(1) provides a two-level sentence enhancement for cases in which a defendant knew or should have known that an offense targeted a "vulnerable victim." A "vulnerable victim" is one "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." *Id.*, comment. (n.2).

Thompson contends that the district court erred in applying the vulnerable victim enhancement because (1) Wadley was not a victim, but a co-conspirator; (2) Wadley was not particularly vulnerable to fraud; and (3) Thompson did not recruit Wadley into the scheme. Contrary to Thompson's position, however, the Government presented ample evidence, including testimony from Wadley and Brian Steptoe, indicating that Wadley was an unwitting victim of Thompson's scheme.

---

government does not argue, that the district court would have imposed the same sentence irrespective of its errors.

[7] The district court's determination of a victim's vulnerability is "essentially a factual finding to which we give due deference." *United States v. Amedeo*, 370 F.3d 1305, 1317 (11th Cir. 2004).

As to Wadley's particular vulnerability, Thompson argues that *United States v. Grant*, 320 F. App'x 898 (11th Cir. 2008) (unpublished), should guide our analysis. In *Grant*, we found there was insufficient evidence to support a vulnerable victim enhancement, where the victim at issue was 67 years old, had bad hearing, and had received only a grammar school education, but was not "otherwise unusually vulnerable." *Id.* at 909-10. Wadley, unlike the victim in *Grant*, suffers from a diminished mental capacity that renders him unable to read or write, accomplish day-to-day tasks, work, and pay bills on his own. The district court, citing Wadley's testimony, expressed doubt regarding whether Wadley had any ability to reason. Thus, aside from the fact that *Grant* is a non-binding, unpublished opinion, Thompson's reliance on *Grant* is misplaced because Wadley's mental infirmities make him far more vulnerable to fraud than the victim considered in *Grant*.

Thompson also argues that the enhancement should not apply because Steptoe alone recruited Wadley into the scheme. Typically, the vulnerable victim enhancement is appropriate only where the defendant specifically targeted the victim based on an apparent vulnerability. *United States v. Arguedas*, 86 F.3d 1054, 1058 (11th Cir.1996). In a conspiracy offense, however, the defendant is accountable for relevant conduct, which includes any reasonably foreseeable

11

conduct undertaken by others in furtherance of the conspiracy. *See* U.S.S.G. § 3A1.1 comment (n.2); U.S.S.G. § 1B1.3(a). Here, Thompson was convicted of a conspiracy offense and does not argue that Steptoe's recruitment of Wadley was not reasonably foreseeable conduct taken in furtherance of the underlying conspiracy. Accordingly, we find the district court did not err in applying the enhancement based on Wadley's status as a vulnerable victim.

*D. Obstruction of Justice Enhancement*

Thompson argues the district court erred in applying an obstruction of justice enhancement, pursuant to U.S.S.G. § 3C1.1, based on his alleged perjury at trial. Thompson contends that the district court never made specific factual findings regarding the perjury and that the government failed to prove that Thompson made false statements with the willful intent to deceive.

"We review for clear error the district court's factual findings necessary for an obstruction of justice enhancement based on perjury" and "accord great deference to the district court's credibility determinations." *United States v. Singh*, 291 F.3d 756, 763 (11th Cir. 2002). Although a district court should typically make "specific findings as to each alleged instance of obstruction by identifying the materially false statements individually," a "general finding that an enhancement is warranted suffices if it encompasses all of the factual predicates

12

necessary for a perjury finding." *Id.* The necessary factual predicates are that "(1) the testimony must be under oath or affirmation; (2) the testimony must be false, (3) the testimony must be material; and (4) the testimony must be given with the willful intent to provide false testimony and not as a result of a mistake, confusion, or faulty memory." *Id.* at 763 n.4.

Here, the district court recited and adopted the facts in the PSI, which specifically alleged Thompson committed perjury by testifying falsely under oath that he did not make any false representation to BOA. The district court accordingly made sufficient factual findings in applying the enhancement. Moreover, contrary to Thompson's argument, the district court did not clearly err in finding that Thompson made false statements with the willful intent to deceive. We defer to the district court's assessment of Thompson's credibility and note that his trial testimony is irreconcilable with portions of the record, particularly Brian Steptoe's testimony, as well as the jury's guilty verdict. We thus find the district court did not clearly err in applying the obstruction of justice enhancement.

**CONVICTIONS AFFIRMED, VACATED AND REMANDED FOR RESENTENCING.**